# United States District Court

FOR THE
**NORTHERN DISTRICT OF CALIFORNIA**

VENUE: SAN FRANCISCO

FILED 2016 SEP 29 P 1: 02
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NO. DIST. OF CA.

UNITED STATES OF AMERICA,

V.

CR 16 411 VC

NAUM MORGOVSKY and
MARK MIGDAL

DEFENDANT(S).

## INDICTMENT

COUNT ONE: 18 U.S.C. § 1349 – Conspiracy

COUNT TWO: 18 U.S.C. § 1344 – Bank Fraud

COUNT THREE: 18 U.S.C. § 1344 – Bank Fraud

---

A true bill.

_Karen Williams_
Foreman

Filed in open court this __29__ day of
__September 2016__.

_[signature]_
SALLIE KIM                             Clerk
United States Magistrate Judge

Bail, $ __NO PROCESS__

_[signature]_ for Naum Morgovsky
Summons for Mark Migdal - Soller

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT
     ☐ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

---

**OFFENSE CHARGED**

COUNT 1: 18 U.S.C. § 1349 – Conspiracy

COUNT 2 & 3: 18 U.S.C. § 1344 – Bank Fraud

☐ Petty
☐ Minor
☐ Misdemeanor
☑ Felony

**PENALTY:**
Counts 1, 2, and 3: 30 years in prison; $1,000,000 fine; 5 years supervised release; $100 special assessment

---

**DEFENDANT - U.S.**

▶ NAUM MORGOVSKY

**DISTRICT COURT NUMBER**

CR 16 411 VC

FILED
SEP 29 2016
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

---

**PROCEEDING**

Name of Complaintant Agency, or Person (&Title, if any)
FBI SA Steve Coffin

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Att'y  ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant

☑ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under ▶

SHOW DOCKET NO.

MAGISTRATE CASE NO.
3-16-70194

---

**DEFENDANT**

**IS NOT IN CUSTODY**
1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶ _____

2) ☐ Is a Fugitive

3) ☑ Is on Bail or Release from (show District)
Northern District of California

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction
6) ☐ Awaiting trial on other charges      } ☐ Fed'l  ☐ State

If answer to (6) is "Yes", show name of institution _____

Has detainer been filed?  ☐ Yes  ☐ No   } If "Yes" give date filed _____

DATE OF ARREST ▶   Month/Day/Year _____

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶   Month/Day/Year _____

☐ This report amends AO 257 previously submitted

---

Name and Office of Person Furnishing Information on THIS FORM
BRIAN J. STRETCH
☑ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y (if assigned)
JOHN H. HEMANN

---

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS  ☑ NO PROCESS*  ☐ WARRANT    Bail Amount: _____

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:

Date/Time: _____
Before Judge: _____

Comments:

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

**BY:** ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT  ☐ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

---

**OFFENSE CHARGED**

COUNT 1: 18 U.S.C. § 1349 – Conspiracy

COUNTS 2 & 3: 18 U.S.C. § 1344(1) – Bank Fraud

☐ Petty
☐ Minor
☐ Misdemeanor
☑ Felony

**PENALTY:**
Counts 1, 2, and 3: 30 years in prison; $1,000,000 fine; 5 years supervised release; $100 special assessment

---

**DEFENDANT - U.S.**

▶ MARK MIGDAL

**DISTRICT COURT NUMBER**

CR 16 411 VC

FILED
SEP 29 2016
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

---

**PROCEEDING**

Name of Complaintant Agency, or Person (&Title, if any)
FBI SA Steve Coffin

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Att'y  ☐ Defense

} SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

} MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on THIS FORM  BRIAN J. STRETCH
☑ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)  JOHN H. HEMANN

---

**DEFENDANT**

**IS NOT IN CUSTODY**
1) ☑ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶ _____
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction
6) ☐ Awaiting trial on other charges  } ☐ Fed'l  ☐ State

If answer to (6) is "Yes", show name of institution _____

Has detainer been filed?  ☐ Yes  ☐ No  } If "Yes" give date filed _____

DATE OF ARREST ▶  Month/Day/Year _____

Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED ▶  Month/Day/Year _____
TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted

---

**ADDITIONAL INFORMATION OR COMMENTS**

**PROCESS:**
☑ SUMMONS  ☐ NO PROCESS*  ☐ WARRANT  Bail Amount: _____

If Summons, complete following:
☑ Arraignment  ☑ Initial Appearance

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:

Date/Time: _____
Before Judge: _____

Comments:

1 | BRIAN J. STRETCH (CABN 163973)
United States Attorney



UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION



| UNITED STATES OF AMERICA, | Criminal No. CR 16 411 |
|---|---|
| Plaintiff, | VIOLATIONS: 18 U.S.C. § 1349 – Conspiracy; 18 U.S.C. §§ 1344(1) and (2) – Bank Fraud; 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2), 28 U.S.C. § 2461(a) – Criminal Forfeiture |
| v. | |
| NAUM MORGOVSKY and MARK MIGDAL, | |
| Defendants. | SAN FRANCISCO VENUE |

## INDICTMENT

The Grand Jury charges:

At all times relevant to this indictment, with all dates being approximate:

### INTRODUCTORY ALLEGATIONS

1. Defendant Naum MORGOVSKY resided in Hillsborough, California.

2. Defendant Mark MIGDAL resided in Portola Valley, California.

3. MORGOVSKY obtained and used the identity of a deceased individual, "G.P.," to travel and to conduct business and financial transactions. MORGOVSKY opened bank accounts in "G.P.'s" name.

4. In 2006, MIGDAL purchased two condominium units in the same development at 112 Walaka Street, Kihei, Hawaii.

   a. MIGDAL purchased Unit #305 on October 30, 2006, for a sales price of $521,500, financed in part by a 30-year adjustable loan from Countrywide Home Loans in the amount of $392,000. MIGDAL also obtained a loan from Countrywide Home Loans in the amount of $49,000, secured by a second deed of trust. Countrywide Home Loans was later acquired by BAC Home Loan Servicing, LP, a division of Bank of America. The deposits of both Countrywide and BAC were then and at all times relevant to this Indictment insured by the Federal Deposit Insurance Corporation (FDIC).

   b. MIGDAL purchased Unit #404 on November 3, 2006, for a sales price of $511,708, financed in part by a loan of $409,350 from First Horizon Home Loan Corporation. MIGDAL also obtained a loan from First Horizon Home Loan Corporation in the amount of $51,100, secured by a second deed of trust. First Horizon Home Loan Corporation later transferred its first deed of trust with respect to Unit #404 to Everhome Mortgage Company. The deposits of both First Horizon and Everhome, now EverBank, were then and at all times relevant to this Indictment insured by the FDIC.

## THE SCHEME AND ARTIFICE TO DEFRAUD

5. In 2009, MIGDAL and MORGOVSKY agreed that MIGDAL would sell both units to "G.P.," MORGOVSKY'S stolen identity, for prices significantly below what MIGDAL owed the banks on the existing mortgages.

6. On or about June 14, 2009, MARK MIGDAL submitted a letter to Everhome Mortgage Company asking the bank to approve a short sale of Unit #404 to "G.P." The letter contained false information about MIGDAL's financial, income, and employment status. On or about August 3, 2009, MIGDAL provided a false financial statement to Everhome Mortgage Company. MIGDAL falsely stated that he was unemployed and listed false income information. On August 24, 2009, Everhome Mortgage Company approved the pre-foreclosure short sale of Unit #404 to "G.P." at a sales price of $228,000.

7. On or about June 14, 2009, MARK MIGDAL submitted a letter to Bank of America Home Loans asking the bank to approve a short sale of Unit #305 to "G.P." The letter contained false

INDICTMENT 2

1  information about MIGDAL's financial, income, and employment status. On or about June 25, 2009,
2  MIGDAL provided a false financial statement to Bank of America. MIGDAL falsely stated that he
3  was unemployed, listed false income information, and failed to report his total assets. On December
4  16, 2009, BAC approved a sale of Unit #305 to "G.P." at a sales price of $207,000.

5      8.   After the short sales, MIGDAL retained control of both properties. MIGDAL acted as
6  manager of both properties, collected rent for both properties, and funded home owner's association
7  and other expenses for both properties. Between 2010 and 2016, MIGDAL sent money to
8  MORGOVSKY and MORGOVSKY, acting as "G.P.," wrote checks for various expenses.

9      9.   On April 7, 2016, MORGOVSKY, acting as "G.P.," transferred title to the two units by
10 quitclaim deed to MIGDAL's wife, who accepted the properties in her maiden name, A.K. On July
11 22, 2016, A.K transferred the properties to a family trust controlled by MIGDAL.

COUNT ONE: (18 U.S.C. § 1349 – Conspiracy)

10.  The United States realleges the facts set forth in paragraphs 1 through 9 as if fully set forth herein.

11.  From on or about June 14, 2009, and continuing until on or about July 22, 2016, in the Northern District of California and elsewhere, the defendants,

                    NAUM MORGOVSKY,
                    MARK MIGDAL,

and others, did knowingly attempt and conspire to commit bank fraud, in violation of 18 U.S.C. § 1344.

All in violation of Title 18, United States Code, Section 1349.

///
///
///
///
///
///

INDICTMENT                          3

COUNT TWO: (18 U.S.C. §§ 1344(1) and (2) – Bank Fraud)

12. The United States realleges the facts set forth in paragraphs 1 through 9 as if fully set forth herein.

13. From on or about June 14, 2009, and continuing until on or about July 22, 2016, in the Northern District of California and elsewhere, the defendants,

NAUM MORGOVSKY and
MARK MIGDAL,

did knowingly and intentionally execute and attempt to execute a scheme and artifice to defraud financial institutions as to a material matter, and to obtain moneys, funds, credits, assets, and other property owned by and under the custody and control of financial institutions by means of material false and fraudulent pretenses, representations, and promises, and by concealment of material facts, with respect to the short sale of 112 Walaka Street, #404, Kihei, Hawaii.

All in violation of Title 18, United States Code, Sections 1344(1) and (2).

COUNT THREE: (18 U.S.C. §§ 1344(1) and (2) – Bank Fraud)

14. The United States realleges the facts set forth in paragraphs 1 through 9 as if fully set forth herein.

15. From on or about June 14, 2009, and continuing until on or about July 22, 2016, in the Northern District of California and elsewhere, the defendants,

NAUM MORGOVSKY and
MARK MIGDAL,

did knowingly and intentionally execute and attempt to execute a scheme and artifice to defraud financial institutions as to a material matter, and to obtain moneys, funds, credits, assets, and other property owned by and under the custody and control of financial institutions by means of material false and fraudulent pretenses, representations, and promises, and by concealment of material facts, with respect to the short sale of 112 Walaka Street, #305, Kihei, Hawaii.

All in violation of Title 18, United States Code, Sections 1344(1) and (2).

FORFEITURE ALLEGATION: (18 U.S.C. §§ 981(a)(1)(C) and 982(a)(2), 28 U.S.C. § 2461(c))

16. The factual allegations contained in Counts One through Three are hereby realleged for the purpose of alleging forfeiture to the United States of America pursuant to Title 18, United States Code, Sections 981(a)(l)(C) and 982(a)(2), and Title 28, United States Code, Section 2461(c).

17. Upon conviction of any of the offenses in violation of Title 18, United States Code, Sections 1344 or 1349 set forth in Counts One through Three of this Indictment, the defendants,

NAUM MORGOVSKY and
MARK MIGDAL,

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(l)(C) and 982(a)(2), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses, including but not limited to the residences located at 112 Walaka Street, #305 and #404, Kihei, Hawaii, and the sum of money equal to the total amount of proceeds defendant obtained or derived from, directly or indirectly, from the violation.

18. If any of the property described above, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third party;
   c. has been placed beyond the jurisdiction of the court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c),

///
///
///
///

and Title 18, United States Code, Section 982(b)(1), all pursuant to Title 18 United States Code,

INDICTMENT                                    5

and Title 18, United States Code, Section 982(b)(1), all pursuant to Title 18 United States Code, Section 981(a)(1)(C) and 982(a)(2), and Title 28 United States Code, Section 2461(c).

A TRUE BILL

9/29/16
DATE

*/s/ Karen Williams*
FOREPERSON

BRIAN J. STRETCH
United States Attorney

*/s/ Elise Becker*
ELISE BECKER
Deputy Chief, Criminal Division

Approved as to Form:

*/s/*
JOHN HEMANN
COLIN SAMPSON
ILA DEISS
Assistant United States Attorneys

INDICTMENT                                    6