BRIAN J. STRETCH (CABN 163973)
United States Attorney
BARBARA J. VALLIERE (DCBN 439353)
Assistant United States Attorney
Chief, Criminal Division
JOHN H. HEMANN (CABN 165823)
ILA C. DEISS (NYBN 3052909)
COLIN C. SAMPSON (CABN 249784)
    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    John.hemann@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 16-00411-VC-1 |
|     Plaintiff, | UNITED STATES' UNOPPOSED MOTION FOR ORDER UNSEALING SEARCH WARRANTS; AUTHORIZING DISCLOSURE OF GRAND JURY EXHIBITS AND TAXPAYER RETURN INFORMATION; AND FOR PROTECTIVE ORDER |
| v. | |
| NAUM MORGOVSKY, and MARK MIGDAL, | |
|     Defendants. | |

The United States of America, by and through its counsel of record, hereby respectfully moves the Court for an Order unsealing the Application and Search and Seizure Warrants in this matter and allowing the government to make disclosure of grand jury exhibits and taxpayer return information pursuant to Fed. R. Crim. P. 6(e)(3)(E)(i) and 26 U.S.C. § 6103(h)(4)(D), in order for the government to comply with its obligations pursuant to 18 U.S.C. § 3500, Rule 16 of the Federal Rules of Criminal Procedure, and *Brady v. Maryland* and its progeny. The United States further moves the Court to enter a protective order in this case. As grounds for this motion, the government states as follows:

    1.    On August 24, 2016, Chief United States Magistrate Judge Joseph C. Spero issued four search and seizure warrants in this matter: Morgovsky's home at 1423 Avondale Street, Hillsborough (3:16-MISC-71092-JCS); Morgovsky's storage unit at 1645 Winton Avenue, Hayward (3:16-MISC-

1

71093-JCS); Migdal's home at 445 Golden Oak Drive, Portola Valley (3:16-MISC-71091-JCS); and Migdal's office at 2218 Old Middlefield Way, Suites L and M, Palo Alto, California (3:16-MISC-71090-JCS).  The searches were executed on August 26, 2016.

2. On September 29, 2016, a federal grand jury in the Northern District of California returned a three-count indictment alleging that Defendants Naum Morgovsky and Mark Migdal conspired to and did commit bank fraud against two federally insured banks, now Bank of America and EverBank, with respect to the short sales of two condominium properties, in violation of 18 U.S.C. § 1344 and 1349.

3. On September 29, 2016, the United States filed a Complaint in the United States District Court for the Northern District of California for forfeiture of the two condominium properties which constitute the proceeds of the bank fraud and conspiracy described above.  *See United States of America v. Real Property and Improvements Located at 112 Walaka Street, #305, et al.*, 3:16-cv-05557-JSC (N. D. Cal.).

4. Fed. R. Crim. P. 6(e) generally prohibits disclosure of matters occurring before the grand jury.  26 U.S.C. § 6103 generally prohibits, with certain exceptions, the disclosure of tax "return or return information."

5. Sections 6103(b)(1) and 6103(b)(2) define "return" and "return information" broadly to include, inter alia, all tax and information returns filed pursuant to Title 26 and any information regarding a taxpayer's identity, the nature and source of a taxpayer's income and expenses, tax liability, tax deficiency, tax payments, and "any other data, received by, recorded by, prepared by, furnished to, or collected by" the Secretary of the Treasury.

6. Section 6103(b)(3) defines "taxpayer return information" as "return information" that is filed with or furnished to the Secretary of the Treasury by or on behalf of the taxpayer to whom the return information relates.

7. Tax returns and return information may be disclosed in a federal proceeding pertaining to tax administration "to the extent required by an order of a court pursuant to Section 3500 of Title 18, United States Code, or Rule 16 of the Federal Rules of Criminal Procedure, such court being authorized in the issuance of such an order to give due consideration to congressional policy favoring the

confidentiality of returns and return information. . . ." 26 U.S.C. § 6103(h)(4)(D).

8.  The United States anticipates that this criminal matter may require disclosure of certain tax return information and thus constitutes a federal judicial proceeding pertaining to tax administration within the meaning of Section 6103(h)(4). *See* 26 U.S.C. § 6103(b)(4) (defining "tax administration").

9.  Evidence gathered during the investigation includes at least one Form 1040, U.S. Individual Income Tax Returns, as well as federal tax liens. In addition, interviews of Defendants contain discussions of the Defendants' income and other tax-related matters. Thus, the documentary evidence and witness interviews may contain information that falls within the meaning of "return" and "return information" as defined by 26 U.S.C. § 6103(b)(1) and (2). In addition, during the course of the investigation the government obtained other financial records, including bank account records, regarding Defendants and other individuals and entities. These records contain personal and financial information, including home addresses, Social Security numbers, bank account data, and dates of birth. The government may exhibit some of this information during its case in chief, and this information may be material to the preparation of a defense.

10. The government now seeks to disclose to Defendants "returns" and "return information" to satisfy the government's obligations under 18 U.S.C. § 3500, Rule 16 of the Federal Rules of Criminal Procedure, and *Brady v. Maryland* and its progeny.

11. The government intends to produce this material in discovery to Defendants. All materials that the government produces to the defense are solely for the use of Defendants, their attorneys, or other individuals or entities acting within the attorney-client relationship to prepare for trial in this case. The government seeks a protective order to prevent the unauthorized dissemination, distribution, or use of materials containing the personal and financial information of others.

12. On October 4, 2016, counsel for the United States conferred with counsel for Defendants Naum Morgovsky and Mark Migdal, and Defendants have no opposition to the relief requested herein. WHEREFORE, the United States hereby respectfully moves this Court for an Order:

1.  Authorizing the disclosure pursuant to Fed. R. Crim. P. 6(e)(3)(E)(i) and 26 U.S.C. §

1  6103(h)(4)(D) of the search warrant files, grand jury exhibits, and any "returns" and "return
2  information" gathered during the course of this investigation; and
3           3       Prohibiting, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, the
4  unauthorized dissemination of any personal or financial information of others disclosed by the
5  government in connection with this matter.

                                             Respectfully submitted,

                                             BRIAN J. STRETCH
                                             United States Attorney

Dated:  October 4, 2016.                     */s/ Colin Sampson*
                                             JOHN H. HEMANN
                                             ILA C. DEISS
                                             COLIN SAMPSON
                                             Assistant United States Attorneys

4

**ORDER**

Upon motion of the government and for good cause shown, IT IS HEREBY ORDERED THAT the government, pursuant to Fed. R. Crim. P. 6(e)(3)(E)(i) and Title 26, United States Code, Section 6103(h)(4)(D), may disclose to Defendants Naum Morgovsky and Mark Migdal, and their attorneys, the grand jury exhibits, search warrant files, and "returns" and "return information" gathered during the course of the investigation of Defendants in order to satisfy its obligations pursuant to Rule 16 of the Federal Rules of Criminal Procedure, 18 U.S.C. § 3500, and *Brady v. Maryland* and its progeny. For purposes of this Order, "return" and "return information" shall be defined as set forth in Section 6103.

IT IS FURTHER ORDERED that:

1. The Clerk of the District Court shall unseal the Application and Search and Seizure Warrants and Attachments in the following matters:

    a. 3:16-MISC-71092-JCS 1 (423 Avondale Street, Hillsborough, CA);

    b. 3:16-MISC-71093-JCS (1645 Winton Avenue, Hayward, CA);

    c. 3:16-MISC-71091-JCS (445 Golden Oak Drive, Portola Valley, CA); and

    d. 3:16-MISC-71090-JCS (2218 Old Middlefield Way, Suite L and M, Palo Alto, CA).

2. Defendants, their attorneys, and all other individuals or entities assisting Defendants who receive materials in connection with this case are prohibited from directly or indirectly providing access to, or otherwise disclosing the contents of, these materials to anyone not working on the defense of this criminal case, or otherwise making use of the materials in a manner unrelated to the defense of this criminal case. Authorized use of materials related to the defense of this criminal case shall include showing and discussing such materials with government and defense witnesses.

3. Defendants, their attorneys, and all other individuals or entities who receive materials in connection with this case, shall maintain all materials in a manner consistent with the terms of this Order. Materials produced to the defense after entry of this Order shall be stored in a secure manner in boxes, files, or folders marked "UNDER PROTECTIVE ORDER - DO NOT DISCLOSE." Electronic materials produced to the defense and printouts obtained from electronic materials shall be handled in the same manner.

4. Defendants and their attorneys are required to give a copy of this Order to all individuals or entities engaged or consulted by the defense in preparation for trial in this case. A violation of this Order by Defendants, their attorneys, or others may result in contempt of court proceedings or other civil or criminal sanctions.

5. Within 90 days of the conclusion of this case, including all related appeals, all documents produced pursuant to this Order, and all copies thereof (other than exhibits of the Court), shall be returned to the United States Attorney's Office. Alternatively, Defendants or their attorneys may inform the United States Attorney's Office in writing that all such copies have been destroyed.

6. The provisions of this Order shall not terminate at the conclusion of this criminal prosecution.

IT IS SO ORDERED.

Dated: _____.    _____
                             THE HONORABLE VINCE CHHABRIA
                             UNITED STATES DISTRICT JUDGE