# United States District Court

## FOR THE
## NORTHERN DISTRICT OF CALIFORNIA

### VENUE: SAN FRANCISCO

FILED

APR 27 2017

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

V.





NAUM MORGOVSKY,
IRINA MORGOVSKY, and
MARK MIGDAL

CR 16 - 0411 VC

DEFENDANT(S).

## INDICTMENT

18 U.S.C. § 1349 – Conspiracy;
18 U.S.C. § 1344(1) and (2) – Bank Fraud;
18 U.S.C. § 1028A – Aggravated Identity Theft;
18 U.S.C. § 1544 – Misuse of Passport;
18 U.S.C. § 1014 – False Statement on Loan & Credit Applications;
22 U.S.C. §2778 –Consp. to Commit Arms Export Control Violations;
18 U.S.C. § 1956(a)(1)(B)(i) & (2)(A) – Money Laundering;
18U.S.C.§§981(a)(1),982(a), & 22 U.S.C. § 401 – Criminal Forfeiture

A true bill.

_Karen Williams_
Foreman

Filed in open court this ___27___ day of

___April 2017___.

Clerk

Bail, $ _Summons as to all defendants_
_tr 5/2/17 @ 930_

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT

☒ SUPERSEDING

---

**OFFENSE CHARGED**

18 U.S.C. §1349–Conspiracy; 18 U.S.C. §1344(1) and (2)–Bank Fraud; 18 U.S.C. §1028A–Aggravated Identity Theft; 18 U.S.C. §1544–Misuse of Passport; 18 U.S.C. §1014–False Statement on Loan and Credit Appl.; 22 U.S.C. § 2778 – Conspiracy to Commit Arms Export Control Violations; 18 U.S.C. § 1956(a)(1)(B)(i) & (2)(A) – Money Laundering; and 18 U.S.C. §§ 981(a)(1), 982(a), and 22 U.S.C. § 401 – Criminal Forfeiture ☐

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:   SEE ATTACHED LIST

---

Name of District Court, and/or Judge/Magistrate Location

**NORTHERN DISTRICT OF CALIFORNIA**

SAN FRANCISCO DIVISION

**DEFENDANT - U.S**

▶ NAUM MORGOVSKY

DISTRICT COURT NUMBER

FILED

APR 27 2017

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

---

**PROCEEDING**

Name of Complaintant Agency, or Person (& Title, if any)

INTERNAL REVENUE SERVICE

☐ person is awaiting trial in another Federal or State Court, give name of court

_____

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40.  Show District

_____

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:

☐ U.S. ATTORNEY   ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

_____

Name and Office of Person Furnishing Information on this form   BRIAN J. STRETCH

☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   Colin Sampson, AUSA, Tax Div.

---

**DEFENDANT**

**IS *NOT* IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

_____

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction       ☐ Federal   ☐ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

_____

Has detainer ☐ Yes   If "Yes" give date filed
been filed?  ☒ No

DATE OF ARREST   Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED   Month/Day/Year
TO U.S. CUSTODY ▶

☐ This report amends AO 257 previously submitted

---

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☒ SUMMONS   ☐ NO PROCESS*   ☐ WARRANT        Bail Amount: _____

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance

Defendant Address:
1423 Avondale Road, Hillsborough, CA 94010

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____   Before Judge: _____

Comments:

Attachment to Indictment Penalty Sheet
NAUM MORGOVSKY

18 U.S.C. § 1349 - Conspiracy
- 30 years prison
- $1,000,000 fine
- 5 years supervised release
- $100 special assessment

18 U.S.C. § 1344(1) and (2) – Bank Fraud
- 30 years prison
- $1,000,000 fine
- 5 years supervised release
- $100 special assessment

18 U.S.C. § 1028A - Aggravated Identity Theft
- 2 years prison - consecutive to underlying felony
- $250,000 fine
- 1 year supervised release
- $100 special assessment

22 U.S.C. § 2778 – Conspiracy to Commit Arms Export Control Violations;
- 20 years prison - consecutive to underlying felony
- $1,000,000 fine
- 3 years supervised release
- $ 100 special assessment

18 U.S.C. § 1956(a)(1)(B)(i) & (2)(A)   – Money Laundering
- 20 years prison - consecutive to underlying felony
- $500,000 fine
- 3 years supervised release
- $ 100 special assessment

18 U.S.C. §§ 981(a)(1), 982(a), & 22 U.S.C. § 401 – Criminal Forfeiture

AO 257 (Rev. 6/78)

| **DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT** |
|---|

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT

☒ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location

**NORTHERN DISTRICT OF CALIFORNIA**

SAN FRANCISCO DIVISION

**— OFFENSE CHARGED —**

18 U.S.C. §1349 – Conspiracy; 18 U.S.C. §1344(1) and (2) – Bank Fraud; 18 U.S.C. §1028A – Aggravated Identity Theft; 18 U.S.C. §1544 – Misuse of Passport; 18 U.S.C. §1014 – False Statement on Loan and Credit Appl.; 22 U.S.C. § 2778 – Conspiracy to Commit Arms Export Control Violations; 18 U.S.C. § 1956(a) (1)(B)(i) & (2)(A) – Money Laundering; and 18 U.S.C. §§ 981(a) (1), 982(a), and 22 U.S.C. § 401 – Criminal Forfeiture ⊞

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:     SEE ATTACHED LIST

**DEFENDANT - U.S**

▶ IRINA MORGOVSKY

DISTRICT COURT NUMBER

FILED

APR 27 2017

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**— PROCEEDING —**

Name of Complainant Agency, or Person (& Title, if any)

INTERNAL REVENUE SERVICE

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
  ☐ U.S. ATTORNEY  ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form     BRIAN J. STRETCH

☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)     Colin Sampson, AUSA, Tax Div.

**— DEFENDANT —**

**IS *NOT* IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction          ☐ Federal  ☐ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer ☐ Yes   If "Yes"
been filed?   ☒ No    give date
                      filed

DATE OF  ▶          Month/Day/Year
ARREST

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED ▶   Month/Day/Year
TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted

**— ADDITIONAL INFORMATION OR COMMENTS —**

PROCESS:
☒ SUMMONS  ☐ NO PROCESS*  ☐ WARRANT     Bail Amount: _____

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:
1423 Avondale Road, Hillsborough, CA 94010

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____   Before Judge: _____

Comments:

Attachment to Indictment Penalty Sheet
IRINA MORGOVSKY

18 U.S.C. § 1544 – Misuse of Passport
- 10 years prison - consecutive to underlying felony
- $250,000 fine
- 3 years supervised release
- $ 100 special assessment

22 U.S.C. § 2778 – Conspiracy to Commit Arms Export Control Violations;
- 20 years prison - consecutive to underlying felony
- $1,000,000 fine
- 3 years supervised release
- $ 100 special assessment

18 U.S.C. §§ 981(a)(1), 982(a) & 22 U.S.C. § 401 – Criminal Forfeiture

AO 257 (Rev. 6/78)

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT |
|---|

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT

☒ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

**─ OFFENSE CHARGED ─**

18U.S.C.§1349–Conspiracy; 18U.S.C.§1344(1)and(2)–Bank Fraud; 18 U.S.C.§1028A–Aggravated Identity Theft; 18 U.S.C. §1544–Misuse of Passport; 18U.S.C.§1014–False Statement on Loan and Credit Appl.; 22 U.S.C. § 2778 – Conspiracy to Commit Arms Export Control Violations; 18 U.S.C. § 1956(a)(1)(B)(i) & (2)(A) – Money Laundering; and 18 U.S.C. §§ 981(a)(1), 982(a). and 22 U.S.C. § 401 – Criminal Forfeiture ☐

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:   SEE ATTACHED LIST

**─ DEFENDANT - U.S ─**

▶ MARK MIGDAL

DISTRICT COURT NUMBER

FILED

APR 27 2017

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**─ PROCEEDING ─**

Name of Complainant Agency, or Person (& Title, if any)

INTERNAL REVENUE SERVICE

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40.  Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
   ☐ U.S. ATTORNEY   ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form   BRIAN J. STRETCH

☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   Colin Sampson, AUSA, Tax Div.

**─ DEFENDANT ─**

IS *NOT* IN CUSTODY
   Has not been arrested, pending outcome this proceeding.
   ☒ 1) If not detained give date any prior
      summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

IS IN CUSTODY

4) ☐ On this charge

5) ☐ On another conviction   } ☐ Federal   ☐ State

6) ☐ Awaiting trial on other charges
      If answer to (6) is "Yes", show name of institution

Has detainer   ☐ Yes   If "Yes"
been filed?    ☒ No    give date filed

**DATE OF ARREST** ▶   Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** ▶   Month/Day/Year

☐ This report amends AO 257 previously submitted

**─ ADDITIONAL INFORMATION OR COMMENTS ─**

PROCESS:
☒ SUMMONS   ☐ NO PROCESS*   ☐ WARRANT     Bail Amount:

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance

Defendant Address:
445 Golden Oak Drive, Portola Valley, CA 94028

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:                    Before Judge:

Comments:

Attachment to Indictment Penalty Sheet
MARK MIGDAL

18 U.S.C. § 1349 - Conspiracy
- 30 years prison
- $1,000,000 fine
- 5 years supervised release
- $100 special assessment

18 U.S.C. § 1344(1) and (2) – Bank Fraud
- 30 years prison
- $1,000,000 fine
- 5 years supervised release
- $100 special assessment

18 U.S.C. § 1028A - Aggravated Identity Theft
- 2 years prison - consecutive to underlying felony
- $250,000 fine
- 1 year supervised release
- $100 special assessment

18 U.S.C. § 1014 – Making False Statements to Federally Insured Institution
- 30 years prison - consecutive to underlying felony
- $1,000,000 fine
- 5 years supervised release
- $100 special assessment

18 U.S.C. §§ 981(a)(1), 982(a), & 22 U.S.C. § 401 – Criminal Forfeiture

BRIAN J. STRETCH (CABN 163973)
United States Attorney

**FILED**

APR 27 2017

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. CR 16-0411 VC |
| Plaintiff, | VIOLATIONS: 18 U.S.C. § 1349 – Conspiracy; 18 U.S.C. § 1344(1) and (2) – Bank Fraud; 18 U.S.C. § 1028A – Aggravated Identity Theft; 18 U.S.C. § 1544 – Misuse of Passport; 18 U.S.C. § 1014 – False Statement on Loan and Credit Applications; 22 U.S.C. § 2778 – Conspiracy to Commit Arms Export Control Violations; 18 U.S.C. § 1956(a)(1)(B)(i) – Money Laundering; 18 U.S.C. § 1956(a)(2)(A) – Money Laundering; and 18 U.S.C. §§ 981(a)(1), 982(a), and 22 U.S.C. § 401 – Criminal Forfeiture |
| v. | |
| NAUM MORGOVSKY, IRINA MORGOVSKY, and MARK MIGDAL, | |
| Defendants. | |
| | SAN FRANCISCO VENUE |

FIRST SUPERSEDING INDICTMENT

The Grand Jury charges:

INTRODUCTORY ALLEGATIONS

At all times relevant to this Superseding Indictment, with all dates being approximate:

1.     Defendant NAUM MORGOVSKY resided in Hillsborough, California.

2.     Defendant IRINA MORGOVSKY resided in Hillsborough, California. IRINA MORGOVSKY and NAUM MORGOVSKY were a married couple.

3.     Defendant MARK MIGDAL resided in Portola Valley, California.

4.     NAUM MORGOVSKY obtained and used the identity of a deceased individual,

1  "G.P.," to travel and to conduct business and financial transactions.  NAUM MORGOVSKY opened

2  bank accounts in "G.P.'s" name.

3       5.     IRINA MORGOVSKY obtained and used the identity of a deceased individual, "V.F.,"

4  to travel and to conduct business and financial transactions.  IRINA MORGOVSKY opened bank

5  accounts in "V.F.'s" name.

6  BANK FRAUD AND BANK FRAUD CONSPIRACY

7       6.     Beginning on a date unknown to the Grand Jury, but no later than in or about 2009, and

8  ending on or about July 22, 2016, defendants NAUM MORGOVSKY and MARK MIGDAL

9  conspired to and did defraud federally-insured mortgage lenders by agreeing to and selling properties

10  owned by MIGDAL in short sales to MORGOVSKY, using the name "G.P.," for the purpose of

11  avoiding mortgage payments owed by MIGDAL to the lenders.

12  Manner and Means of the Conspiracy

13       7.     In 2006, MARK MIGDAL purchased two condominium units in the same development

14  at 112 Walaka Street, Kihei, Hawaii.

15       8.     MARK MIGDAL purchased 112 Walaka Street, Unit #305, Kihei, Hawaii ("Unit

16  #305"), on October 30, 2006, for a sales price of $521,500, financed in part by a 30-year adjustable

17  loan from Countrywide Home Loans in the amount of $392,000.  MARK MIGDAL also obtained a

18  loan from Countrywide Home Loans in the amount of $49,000, secured by a second deed of trust.

19  Countrywide Home Loans was later acquired by BAC Home Loan Servicing, LP, a division of Bank

20  of America.  The deposits of both Countrywide and BAC were then and at all times relevant to this

21  Superseding Indictment insured by the Federal Deposit Insurance Corporation ("FDIC").

22       9.     MARK MIGDAL purchased 112 Walaka Street, Unit #404, Kihei, Hawaii ("Unit

23  #404"), on November 3, 2006, for a sales price of $511,708, financed in part by a loan of $409,350

24  from First Horizon Home Loan Corporation.  MARK MIGDAL also obtained a loan from First

25  Horizon Home Loan Corporation in the amount of $51,100, secured by a second deed of trust.  First

26  Horizon Home Loan Corporation later transferred its first deed of trust with respect to Unit #404 to

27  Everhome Mortgage Company.  The deposits of both First Horizon and Everhome, now EverBank,

28  were then and at all times relevant to this Superseding Indictment insured by the FDIC.

10.     In 2009, MARK MIGDAL and NAUM MORGOVSKY agreed that MARK MIGDAL would sell both units to "G.P.," NAUM MORGOVSKY'S stolen identity, for prices significantly below what MARK MIGDAL owed the banks on the existing mortgages.

11.     On or about June 14, 2009, MARK MIGDAL submitted a letter to Everhome Mortgage Company asking the bank to approve a short sale of Unit #404 to "G.P." The letter contained false information about MARK MIGDAL's financial, income, and employment status. On or about August 3, 2009, MARK MIGDAL provided a false financial statement to Everhome Mortgage Company. MARK MIGDAL falsely stated that he was unemployed and listed false income information, and failed to report his total assets. On August 24, 2009, Everhome Mortgage Company approved the pre-foreclosure short sale of Unit #404 to "G.P." at a sales price of $228,000.

12.     On or about June 14, 2009, MARK MIGDAL submitted a letter to Bank of America Home Loans asking the bank to approve a short sale of Unit #305 to "G.P." The letter contained false information about MARK MIGDAL's financial, income, and employment status. On or about June 25, 2009, MARK MIGDAL provided a false financial statement to Bank of America. MARK MIGDAL falsely stated that he was unemployed, listed false income information, and failed to report his total assets. On January 14, 2010, BAC approved the pre-foreclosure short sale of Unit #305 to "G.P." at a sales price of $207,000.

13.     After the short sales, MARK MIGDAL retained control of both properties. MARK MIGDAL acted as manager of both properties, collected rent for both properties, and funded homeowner's association and other expenses for both properties. Between 2010 and 2016, MARK MIGDAL, pretending to be "G.P.," issued checks for various expenses related to Unit #404 and Unit #305.

14.     On April 7, 2016, NAUM MORGOVSKY, pretending to be "G.P.," transferred title of the two units by quitclaim deed to MARK MIGDAL's wife, A.M., who accepted the properties in her maiden name.

COUNT ONE: (18 U.S.C. § 1349 – Conspiracy)

15.     Paragraphs 1 through 4 and 6 through 14 are realleged as if fully set forth herein.

16.     From on or about June 14, 2009, and continuing until on or about July 22, 2016, in the

1  Northern District of California and elsewhere, the defendants,

2

NAUM MORGOVSKY and
3                          MARK MIGDAL,

4  and others, did knowingly attempt and conspire to commit bank fraud, in violation of 18 U.S.C.

5  § 1344.

6       All in violation of Title 18, United States Code, Section 1349.

7  COUNT TWO: (18 U.S.C. §§ 1344(1) and (2) – Bank Fraud)

8       17.     Paragraphs 1 through 4 and 6 through 14 are realleged as if fully set forth herein.

9       18.     From on or about June 14, 2009, and continuing until on or about July 22, 2016, in the

10 Northern District of California and elsewhere, the defendants,

11

NAUM MORGOVSKY and
12                         MARK MIGDAL,

13 did knowingly and intentionally execute and attempt to execute a scheme and artifice to defraud

14 financial institutions as to a material matter, and to obtain moneys, funds, credits, assets, and other

15 property owned by and under the custody and control of financial institutions by means of material

16 false and fraudulent pretenses, representations, and promises, and by concealment of material facts,

17 with respect to the short sale of 112 Walaka Street, #404, Kihei, Hawaii.

18       All in violation of Title 18, United States Code, Section 1344.

19 COUNT THREE: (18 U.S.C. §§ 1344(1) and (2) – Bank Fraud)

20       19.     Paragraphs 1 through 4 and 6 through 14 are realleged as if fully set forth herein.

21       20.     From on or about June 14, 2009, and continuing until on or about July 22, 2016, in the

22 Northern District of California and elsewhere, the defendants,

23

NAUM MORGOVSKY and
24                         MARK MIGDAL,

25 did knowingly and intentionally execute and attempt to execute a scheme and artifice to defraud

26 financial institutions as to a material matter, and to obtain moneys, funds, credits, assets, and other

27 property owned by and under the custody and control of financial institutions by means of material

28 false and fraudulent pretenses, representations, and promises, and by concealment of material facts,

SUPERSEDING INDICTMENT                4

with respect to the short sale of 112 Walaka Street, #305, Kihei, Hawaii.

All in violation of Title 18, United States Code, Section 1344.

### AGGRAVATED IDENTITY THEFT AND PASSPORT FRAUD

COUNT FOUR: (18 U.S.C. § 1028A – Aggravated Identity Theft)

21.    Paragraphs 1 through 4 and 6 through 14 are realleged as if fully set forth herein.

22.    From on or about July 20, 2009, and continuing until on or about April 7, 2016, in the Northern District of California and elsewhere, the defendant,

### NAUM MORGOVSKY,

during and in relation to a felony violations of 18 U.S.C. §§ 1349 (bank fraud conspiracy and bank fraud), knowingly transferred, possessed, and used, without lawful authority, a means of identification of another person, that is, defendant possessed and used the social security number of G.P., a North Dakota identification card in the name of G.P., and the checkbook and signature of G.P.

All in violation of Title 18, United States Code, Section 1028A(a)(1).

COUNT FIVE: (18 U.S.C. § 1028A – Aggravated Identity Theft)

23.    Paragraphs 1 through 4 and 6 through 14 are realleged as if fully set forth herein.

24.    From on or about July 20, 2009, and continuing until on or about April 7, 2016, in the Northern District of California and elsewhere, the defendant,

### MARK MIGDAL,

during and in relation to a felony violations of 18 U.S.C. §§ 1349 (bank fraud conspiracy and bank fraud), knowingly transferred, possessed, and used, without lawful authority, a means of identification of another person, that is, defendant possessed and used the checkbook and signature of G.P. to control and manage two parcels of real estate located at 112 Walaka Street, #305, Kihei, Hawaii, and 112 Walaka Street, #404, Kihei, Hawaii.

All in violation of Title 18, United States Code, Section 1028A(a)(1).

COUNT SIX: (18 U.S.C. § 1544 – Misuse of Passport)

25.    Paragraphs 2 and 5 are realleged as if fully set forth herein.

26.    From on or about August 10, 2007, and continuing until at least November 29, 2007, in the Northern District of California and elsewhere, the defendant,

1  IRINA MORGOVSKY,

2  willfully and knowingly used and attempted to use United States Passport No. 420799715, which

3  passport had been issued and designed for the use of another person, to wit, an individual with initials

4  "V.F.," in that the defendant traveled to Russia and used said passport for entry and exit to and from

5  Russia.

6  All in violation of Title 18, United States Code, Section 1544.

7  FALSE STATEMENT CHARGES

8  COUNT SEVEN: (18 U.S.C. § 1014 – False Statement on Loan and Credit Applications)

9  27.  Paragraph 3 is realleged as if fully set forth herein.

10  28.  On or about June 24, 2009, in the Northern District of California and elsewhere, the

11  defendant,

12  MARK MIGDAL,

13  knowingly made a materially false statement and report for the purpose of influencing the action of JP

14  Morgan Chase Bank, formerly Washington Mutual ("the bank"), which was then and at all times

15  relevant to this Superseding Indictment insured by the FDIC, in connection with a change and

16  extension of a loan by the bank, by renewal, deferment of action and otherwise in that the defendant

17  falsely told the bank via a Home Affordable Modification Program application that he used the

18  property at 1963 Rock Street, Unit 8, Mountain View, California as his principal residence, when in

19  truth and in fact, as the defendant well knew, he did not reside at that address.

20  All in violation of Title 18, United States Code, Section 1014.

21  COUNT EIGHT: (18 U.S.C. § 1014 – False Statement on Loan and Credit Applications)

22  29.  Paragraph 3 is realleged as if fully set forth herein.

23  30.  On or about January 19, 2010, in the Northern District of California and elsewhere, the

24  defendant,

25  MARK MIGDAL,

26  knowingly made a materially false statement and report for the purpose of influencing the action of JP

27  Morgan Chase Bank, formerly Washington Mutual ("the bank"), which was then and at all times

28  relevant to this Superseding Indictment insured by the FDIC, in connection with a change and

extension of a loan by the bank, by renewal, deferment of action and otherwise in that the defendant submitted a letter to the bank falsely stating that he had obtained employment at Hitek International Corporation, and falsely told the bank that he had rented part of his residence to individuals whose initials were S.S. and L.S. in an effort to convince the bank to delay foreclosure of and modify his existing home loan on real property at 445 Golden Oak Drive, Portola Valley, California, when in truth and in fact, as the defendant well knew, the employment offer letter was false and the named individuals were not actually paying rent to MARK MIGDAL to lease part of his residence.

All in violation of Title 18, United States Code, Section 1014.

## ARMS EXPORT CONTROL ACT CONSPIRACY

### Introductory Allegations

31.     The export of arms, ammunition, implements of war and defense articles and services from the United States was governed by the Arms Export Control Act ("AECA"), Title 22, United States Code, Section 2778, and the International Traffic in Arms Regulations ("ITAR"), Title 22, Code of Federal Regulations, Sections 120-130.

32.     The AECA authorized the President to control the export of "defense articles" deemed critical to the national security and foreign policy interests of the United States.  In so doing, the AECA authorized the President to designate those items considered "defense articles" and to promulgate regulations for the import and export of such articles and services. The items so designated constituted the United States Munitions List ("USML").  By a lawful executive order, the President delegated the authority to the United States Department of State.  Accordingly, the State Department's Directorate of Defense Trade Controls ("DDTC") promulgated the ITAR to implement the AECA. The USML is part of the ITAR.

33.     Under the ITAR, any person in the United States who engaged in the business of exporting defense articles was required to register with the DDTC.  A shipment or transmission out of the United States, including the sending or taking of a defense article out of the United States in any manner constituted an "export."  Any person who intended to export a defense article was required to obtain the approval of DDTC prior to the export or temporary import, unless the export qualified for an exemption.  It was a violation of the ITAR to conspire to export any defense article for which a

1  license or written approval was required without first obtaining the required license or other written

2  approval from the DDTC.  Willful violations of the ITAR were crimes under the AECA.

3      34.    The USML set forth 21 categories of defense articles and services that are subject to

4  export licensing controls.  Category XII of the USML identified certain fire control, range finder,

5  optical, and guidance and control equipment as defense articles.  The following were designated as

6  defense articles under Category XII(c) of the USML: image intensification and other night sighting

7  equipment or systems specifically designed, modified or configured for military use; second

8  generation and above military image intensification tubes specifically designed, developed, modified,

9  or configured for military use, and infrared, visible and ultraviolet devices specifically designed,

10  developed, modified, or configured for military application.  For purposes of USML Category XII(c),

11  "second and third generation image intensification tubes" were defined as those having a peak

12  response within the 0.4 to 1.05 micron wavelength range and incorporating a microchannel plate for

13  electron image amplification having a hole pitch (center-to-center spacing) of less than 25 microns and

14  having either: (a) An S–20, S–25 or multialkali photocathode; or (b) A GaAs, GaInAs, or other

15  compound semiconductor photocathode.  Category XII(e) of the USML designated components, parts,

16  accessories, attachments and associated equipment specifically designed or modified for defense

17  articles listed elsewhere in Category XII as defense articles.

18                          Manner and Means of the Conspiracy

19      35.    NAUM MORGOVSKY and IRINA MORGOVSKY owed a number of sole

20  proprietorships in the United States.  NAUM MORGOVSKY also owned a night vision manufacturing

21  business in Moscow, Russia.  Coconspirator 1 resided in Russia and worked for the night vision

22  business in Moscow, Russia.

23      36.    From a time unknown to the Grand Jury, but not later than April 2012, and continuing

24  until at least August 25, 2016, Coconspirator 1 communicated lists of components necessary for the

25  Russian night vision business to manufacture certain finished night vision devices, whereupon NAUM

26  MORGOVSKY and IRINA MORGOVSKY agreed to use and used their U.S. businesses to purchase

27  the requested components.

28      37.    Subsequently, NAUM MORGOVSKY and IRINA MORGOVSKY agreed to use and

1  used their U.S. businesses to ship the components to the Russian night vision manufacturer.

2  Sometimes they shipped the products directly to Coconspirator 1 and other coconspirators in Russia.

3  Other times, they shipped the products to, or ordered products for delivery to, additional

4  coconspirators in Europe who then arranged for the products to be hand-carried to their coconspirators

5  in Russia.

6       38.    At no time did NAUM MORGOVSKY, IRINA MORGOVSKY, or any entities owned

7  or controlled by NAUM MORGOVSKY or IRINA MORGOVSKY ever apply, or receive, or possess

8  a license or authorization from the DDTC to export defense articles of any description.

9  COUNT NINE:   (22 U.S.C. § 2778 – Conspiracy to Violate the International Traffic in Arms

10                      Regulations in violation of the Arms Export Control Act)

11       39.    Paragraphs 1 through 5 and 31 through 38 are realleged as if fully set forth herein.

12       40.    From a time unknown to the Grand Jury, but not later than April 2012, and continuing

13  until at least August 25, 2016, in the Northern District of California and elsewhere, the defendants,

14  NAUM MORGOVSKY and
IRINA MORGOVSKY,

15  did knowingly and willfully and intentionally combine, conspire, confederate, and agree with each

16  other and others both known and unknown to the Grand Jury to export, and cause the export from the

17  United States the following defense articles:

18      a. ITT Industries/Exelis Inc. F9810, Generation 3, 18mm, MX-10130 Image Intensifier Tube;

19      b. ITT Industries/Exelis Inc. F9815, Generation 3, 18mm, MX-11769 Image Intensifier Tube;

20      c. ITT Industries/Exelis Inc. F9800, Generation 3, 18mm, MX-10160 Image Intensifier Tube;

21      d. Janos Technology 30mm Light Lens Assembly, Part Number ("P/N") 41584-001;

22      e. Janos Technology 30mm Light Front Lens, P/N 41584-501;

23      f. Janos Technology 30mm Light Back Lens, P/N 41584-502;

24      g. Janos Technology 30mm Light Lens Set, P/N 907148-01;

25      h. Janos Technology 50mm Medium Lens Assembly, P/N: 41585-001;

26      i. Janos Technology 50mm Medium Front Lens, P/N 41585-501;

27      j. Janos Technology 50mm Medium Back Lens, P/N 41585-502;

28      k. Janos Technology 50mm Medium Lens Set, P/N: 907149-01;

l.  Janos Technology 100mm Heavy Lens Assembly, P/N: 41647-001;

m. Janos Technology 100mm Heavy Front Lens, P/N: 41647-501;

n.  Janos Technology 100mm Heavy Back Lens, P/N: 41647-502;

o.  Janos Technology 100mm Heavy Lens Set, P/N 907421-01;

p.  Janos Technology 100mm Heavy Lens Assembly, Wider Tolerance, P/N 907150-02;

q.  Janos Technology 100mm Heavy Front Lens, Wider Tolerance, P/N 41647-502;

r.  Janos Technology 100mm Heavy Back Lens, Wider Tolerance, P/N 41647-502; and

s.  Janos Technology 100mm Heavy Lens Set, Wider Tolerance, P/N 907150-01;

which were, at the time of the conduct described herein, designated as a defense articles on the United States Munitions List, without first obtaining the required license or written authorization from the Department of State, Directorate of Defense Trade Controls, in violation of Title 22, United States Code, Sections 2778(b)(2) and 2778(c); and Title 22, Code of Federal Regulations, Sections 121.1, 122.1, 123.1, 127.l(a)(4), and 127.3.

All in violation of Title 22, United States Code, Section 2778.

MONEY LAUNDERING

COUNT TEN: (18 U.S.C. § 1956(a)(1)(B)(i) – Money Laundering)

41.     Paragraphs 1 through 5 and 31 through 38 are realleged as if fully set forth herein.

42.     On or about February 9, 2015, in the Northern District of California, the defendant,

NAUM MORGOVSKY,

did knowingly conduct a financial transaction affecting interstate and foreign commerce, to wit, transporting, transmitting and transferring monetary instruments and funds, that is, NAUM MORGOVSKY received $200,000.00 in United States currency, transferred into a Bank of America account held by NAUM MORGOVSKY in the name of G.P. from a Bank of America account in the name of V.M. in exchange for NAUM MORGOVSKY delivering the equivalent of $200,000 to an individual in Russia designated by V.M., which involved the proceeds of a specified unlawful activity, that is the exportation of defense articles without first obtaining an export license from the Department of State, Directorate of Defense, knowing that such transportation was designed in whole or in part to conceal and disguise the nature, source, ownership, and control of the proceeds of said specified

1  unlawful activity and that while conducting to conduct such financial transaction knew that the

2  property involved in the financial transaction represented the proceeds of some form of unlawful

3  activity.

4       All in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

5  COUNT ELEVEN: (18 U.S.C. § 1956(a)(2)(A) – Money Laundering)

6       43.    Paragraphs 1 through 5 and 31 through 38 are realleged as if fully set forth herein.

7       44.    On or about June 13, 2016, in the Northern District of California and elsewhere, the

8  defendant,

9  NAUM MORGOVSKY

10  did knowingly transport and transfer monetary instruments and funds, that is, approximately

11  $22,929.61 in United States currency wired from a place outside the United States, that is Germany, to

12  a place inside the United States, that is California, with intent to promote the carrying on of specified

13  unlawful activity, specifically: the exportation of defense articles without first obtaining an export

14  license from the Department of State, Directorate of Defense.

15       All in violation of Title 18, United States Code, Section 1956(a)(2)(A).

16  ASSET FORFEITURE

17  FORFEITURE ALLEGATIONS: (18 U.S.C. §§ 981(a)(1), 982(a), and 22 U.S.C. § 401)

18       45.    The factual allegations contained in Counts One through Eleven are hereby realleged

19  for the purpose of alleging forfeiture to the United States of America pursuant to Title 18, United

20  States Code, Sections 981(a)(l)(C) and 982(a)(2), and Title 28, United States Code, Section 2461(c).

21       46.    Upon conviction of one or more of the offenses alleged in Counts One through Three of

22  this Superseding Indictment, the defendants,

23  NAUM MORGOVSKY and<br/>MARK MIGDAL,

24

25  shall forfeit to the United States of America, pursuant to Title 18, United States Code, Sections

26  981(a)(l)(C) and 982(a)(2), and Title 28, United States Code, Section 2461(c), any property, real or

27  personal, which constitutes or is derived from proceeds traceable to the offenses, including but not

28  limited to:

1        a.   the real property and improvements located at 112 Walaka Street, Unit #305, Kihei,

2        Hawaii, A.P.N. 2-3-9-016-001-0014;

3        b.   the real property and improvements located at 112 Walaka Street, Unit #404, Kihei,

4        Hawaii, A.P.N. 2-3-9-016-001-0017;

5  and the sum of money equal to the total amount of proceeds defendant obtained or derived from,

6  directly or indirectly, from the violation.

7      47.   Upon conviction of one or more of the offenses alleged in Count Six of this

8  Superseding Indictment, the defendant,

9                         IRINA MORGOVSKY

10  shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section

11  982(a)(6), any property, real or person, that constitutes, or is derived from or is traceable to the

12  proceeds obtained directly or indirectly from the commission of the offense of which the defendant is

13  convicted, or that is used to facilitate, or is intended to be used to facilitate, the commission of the

14  offense of which the defendant is convicted.

15      48.   Upon conviction of one or more of the offenses alleged in Counts Seven and Eight of

16  this Superseding Indictment, the defendant,

17                         MARK MIGDAL

18  shall forfeit to the United States of America, pursuant to Title 18, United States Code, Sections

19  981(a)(1)(C) and 982(a)(2), and Title 28, United States Code, Section 2461(c), any property, real or

20  personal, which constitutes or is derived from proceeds traceable to the offenses, including but not

21  limited to:

22        a.   the real property and improvements located at 445 Golden Oak Drive, Portola

23        Valley, California, A.P.N. 079-124-020;

24        b.   the real property and improvements located at 1963 Rock Street, Unit 8, Mountain

25        View, California, A.P.N. 153-08-008;

26  and the sum of money equal to the total amount of proceeds defendant obtained or derived from,

27  directly or indirectly, from the violation.

28      49.   Upon conviction of one or more of the offenses alleged in Count Nine of this

SUPERSEDING INDICTMENT          12

1  Superseding Indictment, the defendants,

2                                     NAUM MORGOVSKY and
                                    IRINA MORGOVSKY,

3

4  shall forfeit to the United States of America pursuant to Title 18, United States Code, Section

5  981(a)(1)(C), Title 22, United States Code, Section 401, and Title 28, United States Code, Section

6  2461(c), the following:

7                 a.   Any property constituting or derived from proceeds obtained directly or indirectly

8                     as a result of the said violation; and

9                 b.   Any property involved in such offense, including but not limited to, defense articles

10                     or other export controlled items intended to be illegally exported; and any vessel,

11                     vehicle, or aircraft which has been used in exporting or attempting to export any

12                     defense articles of other export controlled items.

13        50.   Upon conviction of one or more of the offenses alleged in Counts Ten and Eleven of

14  this Superseding Indictment, the defendant,

15                                NAUM MORGOVSKY,

16  shall forfeit to the United States of America pursuant to Title 18, United States Code, Section

17  982(a)(1), any property, real or personal, involved in, or attempted to be involved in, such offense, or

18  any property traceable to such property.

19        51. If any of the property described above, as a result of any act or omission of the defendant:

20                 a.   cannot be located upon the exercise of due diligence;

21                 b.   has been transferred or sold to, or deposited with, a third party;

22                 c.   has been placed beyond the jurisdiction of the court;

23                 d.   has been substantially diminished in value; or

24                 e.   has been commingled with other property which cannot be divided without

25                     difficulty;

26  the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21,

27  United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c),

28  and Title 18, United States Code, Section 982(b)(1), all pursuant to Title 18, United States Code,

SUPERSEDING INDICTMENT                    13

Sections 981 (a)(1)(A), 981(a)(1)(C), 982 (a)(1), 982(a)(2), and 982(a)(6), Title 22, United States

Code, Section 401, and Title 28, United States Code, Section 2461(c).

A TRUE BILL

_4/27/17_____

DATE

_Karen Williams_____

FOREPERSON

BRIAN J. STRETCH
United States Attorney

BARBARA J. VALLIERE
Chief, Criminal Division

Approved as to Form:

JOHN HEMANN
COLIN SAMPSON
ERIN CORNELL
Assistant United States Attorneys

NATHAN CHARLES
Trial Attorney,
National Security Division