**Pages 1 - 17**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE VINCE CHHABRIA JUDGE

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>          Plaintiff,  )<br>  )<br>  VS.  )<br>  )<br>MARK MIGDAL,  )<br>  )<br>          Defendant.  )<br>_____) | **No. CR 16-0411 VC**<br><br><br>San Francisco, California<br>Tuesday, July 25, 2017 |

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

For Plaintiff:          Brian J. Stretch
                        United States Attorney
                        450 Golden Gate Avenue, 11th Floor
                        San Francisco, California  94102
                  **BY: COLIN C. SAMPSON, AUSA**
                     **JOHN H. HEMANN, AUSA**
                     **ASSISTANT UNITED STATES ATTORNEYS**

                        U.S. Attorneys' Office
                        Oakland Branch
                        1301 Clay Street, #340S
                        Oakland, California 94612
                  **BY: ERIN A. CORNELL**
                     **ASSISTANT UNITED STATES ATTORNEY**

For Defendant:          Sugarman & Cannon
                        737 Tehama Street, No. 3
                        San Francisco, California 94103
                  **BY: CHRISTOPHER J. CANNON, ESQUIRE**


Reported By:  Katherine Powell Sullivan, CSR No. 5812, RMR, CRR
              Official Reporter

```
 1   Tuesday - July 25, 2017                              3:36 p.m.
 2                          P R O C E E D I N G S
 3                               ---oOo---
 4        THE CLERK:  Re-calling case number 16-cr-0411, USA
 5   versus Mark Migdal.
 6        Counsel, please state your appearance for the record.
 7        MR. CANNON:  Christopher Cannon for Mark Migdal, who
 8   is present.
 9        MR. SAMPSON:  Good afternoon, Your Honor.  Colin
10   Sampson and John Hemann and Erin Cornell for the United States.
11        THE COURT:  Good afternoon.
12      Okay.  I have a plea agreement here in my iPad.  Is that
13   the same one that --
14        MR. SAMPSON:  Your Honor, there are two very minor
15   changes to paragraph 2.
16        THE COURT:  Okay.
17        MR. SAMPSON:  Mr. Cannon has the red line.
18        MR. CANNON:  Yes, Your Honor.  Paragraph 2, on page 4,
19   it now reads:
20            "Between the sales and 2016, I deposited money to the
21        Gary Piper bank account, and Morgovsky, acting as 'Gary
22        Piper,' wrote checks for the various expenses."
23        THE COURT:  Wait.  Sorry.  I was on the wrong page.
24   Sorry about that.
25        MR. CANNON:  Would it be easier if I would hand the
```

1   Court a copy of the red line?
2           **THE COURT:**  Sure, that would be great.
3           **MR. CANNON:**  So the Court could see it for itself.
4           **THE COURT:**  There's still -- there's just a typo I'll
5   note on paragraph C, subparagraph C.  It says, "Gary Piper bank
6   account and and Morgovsky."
7        So would you like me to cross out that second "and"?
8           **MR. CANNON:**  Yes, Your Honor.
9           **MR. SAMPSON:**  Yes, Your Honor.
10          **THE COURT:**  I will do that.
11       All right.  So those are the only changes to the one you
12  sent me earlier?
13          **MR. CANNON:**  I believe there's another sticky tab with
14  another red line.
15          **MR. SAMPSON:**  Page 5, section e. subsection iii.
16          **THE COURT:**  Okay.  Okay, great.  So I'll hand back
17  both the red line and the signed plea agreement.
18       Give me just one quick second.
19       (Pause)
20          **THE COURT:**  Okay.  Mr. Migdal, I'm sure you know that
21  I will now have to ask you a series of questions, and the
22  answers need to be under oath.  So I will have the courtroom
23  deputy administer the oath now.
24       (Defendant sworn.)
25          **THE COURT:**  Okay.  Mr. Migdal, now that you are under

1  oath, if you answer any of my questions falsely, the government
2  can bring additional charges against you for making false
3  statements or committing perjury.
4      Do you understand that?
5          **THE DEFENDANT:** I do.
6          **THE COURT:** Okay. And I want to emphasize that if the
7  questions start coming too fast or if you have difficulty
8  understanding anything, please do not hesitate to ask me to
9  repeat the question or call time-out and consult with your
10 lawyer.
11     This is not a speed test, and there will be no penalty for
12 making me slow down. The only important thing is that you
13 understand everything that we discuss, okay?
14         **THE DEFENDANT:** Okay.
15         **THE COURT:** What is your full name?
16         **THE DEFENDANT:** Mark Migdal.
17         **THE COURT:** And are you a U.S. citizen?
18         **THE DEFENDANT:** Yes, I am.
19         **THE COURT:** Where were you born?
20         **THE DEFENDANT:** I was born in Russia.
21         **THE COURT:** So you were naturalized?
22         **THE DEFENDANT:** Yes.
23         **THE COURT:** Here in the United States?
24         **THE DEFENDANT:** Correct.
25         **THE COURT:** When was that, roughly?

```
 1           THE DEFENDANT:  Six years ago.
 2           THE COURT:  Okay.
 3           THE DEFENDANT:  Six years ago.
 4           THE COURT:  How old are you?
 5           THE DEFENDANT:  I am 72.
 6           THE COURT:  And how far did you go in school?
 7           THE DEFENDANT:  I didn't understand.
 8           THE COURT:  How far did you go in school?  What is
 9   your -- describe your education level.
10           THE DEFENDANT:  Okay.  In Russia, I graduated from
11   high school and college and university.  And I got two master's
12   degrees in mechanical and electrical.
13       (Reporter interrupts.)
14           THE DEFENDANT:  Two master's degrees in electrical and
15   mechanical engineering at Jerusalem University.
16           THE COURT:  Are you currently under the influence of
17   any drug or alcoholic beverage or medication that would affect
18   your ability to understand the proceedings here today?
19           THE DEFENDANT:  No.
20           THE COURT:  Okay.  Are you fully satisfied with the
21   advice and information you've received from your lawyer?
22           THE DEFENDANT:  Yes.
23           THE COURT:  Okay.  You've had an opportunity to read
24   and discuss the plea agreement before signing it?
25           THE DEFENDANT:  Yes.
```

1   **THE COURT:** Do you fully understand the terms of the
2   plea agreement?
3   **THE DEFENDANT:** Yes.
4   **THE COURT:** Nobody has made you any promises that are
5   not in the plea agreement to get you to sign the plea
6   agreement?
7   **THE DEFENDANT:** Correct.
8   **THE COURT:** Okay. Nobody has threatened you in any
9   way to get you to accept the plea agreement?
10  **THE DEFENDANT:** Correct.
11  **THE COURT:** You don't have any side agreements with
12  the government?
13  **THE DEFENDANT:** I don't have any side agreements.
14  **THE COURT:** And you're pleading guilty of your own
15  free will because you are, in fact, guilty?
16  **THE DEFENDANT:** Yes.
17  **THE COURT:** Now let's talk about what you did. You
18  are pleading guilty to Counts One, Seven, and Eight.
19     Count One is for conspiracy to commit bank fraud, in
20  violation of 18 U.S.C. Section 1349. And Counts Seven and
21  Eight are for making false statements on loan or credit
22  applications, in violation of 18 U.S.C. Section 1014.
23     Is that consistent with your understanding of the counts
24  you are pleading guilty to today?
25  **THE DEFENDANT:** Yes.

| | |
|---|---|
| 1 | **THE COURT:** Okay.  Now let's talk about the maximum |
| 2 | penalties for those counts. |
| 3 | Count One, conspiracy to commit bank fraud, in violation |
| 4 | of 13 U.S.C. Section 1349, the maximum prison term is 30 years. |
| 5 | The maximum fine is a million dollars or twice the gross gain |
| 6 | or loss, whichever is greater.  The maximum supervised release |
| 7 | term is five years.  The maximum -- the restitution |
| 8 | contemplated by the plea agreement is $442,010.02.  The |
| 9 | mandatory special assessment is $100 per count, so it will be a |
| 10 | total of $300 for the mandatory special assessment and |
| 11 | forfeiture. |
| 12 | Do you understand that those are the maximum penalties for |
| 13 | Count One, the bank fraud count? |
| 14 | **THE DEFENDANT:** I do. |
| 15 | **THE COURT:** Okay.  And I have a question for the |
| 16 | parties about the restitution. |
| 17 | Is this plea agreement intended to convey the notion that |
| 18 | the maximum restitution amount that I can award is $442,010 -- |
| 19 | **MR. SAMPSON:** No. |
| 20 | **THE COURT:** -- and 50 cents? |
| 21 | **MR. SAMPSON:** That's not our understanding, Your |
| 22 | Honor.  The 442,000 is with respect to the two banks that |
| 23 | loaned for the Hawaii properties, Everhome and Bank of America. |
| 24 | There's an additional victim of Counts Seven and Eight, |
| 25 | and that's JP Morgan Chase Bank.  That amount has not been |

1  determined, but it's built into the -- into an amount stated in
2  a later paragraph related to the combined forfeiture fine
3  restitution amount.
4        **THE COURT:**  Okay.  But I guess -- and I understand
5  that you're separating it out by counts, but even as to Count
6  One, the concern I have -- and this is an issue that came up in
7  a case that I had recently -- is that there was this amount
8  contemplated -- restitution amount contemplated for a count,
9  and it was listed in this paragraph, as it's listed in your
10 paragraph here, as the -- as part of the maximum penalties.
11      But with respect to restitution, if I determine that, you
12 know, res- -- that a higher amount of restitution or a lower
13 amount of restitution is appropriate, my question is:  Do I
14 have the ability to award that amount in this case?
15      Or is the answer that, because this is a C plea, I'm stuck
16 with $442,000 in restitution for Count One, and if I don't like
17 that, if I don't believe that's supported, then I have to
18 reject the plea agreement when we get to sentencing?
19      **MR. SAMPSON:**  Your Honor, we think the latter
20 statement is the correct one, which is that this is the amount
21 that the Court can order as restitution with respect to Count
22 One.  And that amount comes from the two victims --
23      **THE COURT:**  Okay.
24      **MR. SAMPSON:**  -- so we believe it's a correct number.
25      **THE COURT:**  Okay.

```
 1              MR. SAMPSON:  Is that your understanding?
 2              MR. CANNON:  That's my understanding also.
 3              THE COURT:  Mr. Migdal, do you understand that?
 4              THE DEFENDANT:  Yes, I do.
 5              THE COURT:  Okay.  Now, the maximum penalties for
 6   Counts Seven and Eight, making false statements on a loan or
 7   credit application, for each count, maximum prison term of 30
 8   years; maximum fine of a million dollars, or twice the gross
 9   gain or gross loss, whichever is greater; maximum supervised
10   release term of five years; restitution as discussed in the
11   plea agreement; and, again, a mandatory special assessment of
12   $100 per count and forfeiture.
13       Do you understand those -- that these are the maximum
14   penalties for Counts Seven and Eight?
15              THE DEFENDANT:  I do.
16              THE COURT:  Okay.  Now, you've agreed to a sentence
17   with the government.  And, as I recall, that's 18 months.  Is
18   that right?
19              MR. CANNON:  Yes.
20              THE DEFENDANT:  Yes.
21              THE COURT:  Okay.  Let me flip to the paragraph that
22   discusses that.
23        You've agreed to a sentence of 18 months, three years'
24   supervised release, payment of $2 million to be applied to
25   restitution, fines, and substitute assets to be forfeited, and
```

1  a $300 special assessment.
2      That's the sentence you've agreed to with the government;
3  correct?
4          **THE DEFENDANT:**  Correct.
5          **THE COURT:**  Okay.  But when we get to sentencing, I
6  can reject your agreement with the government.  Do you
7  understand that?
8          **THE DEFENDANT:**  I understand.
9          **THE COURT:**  And if I reject the -- this proposed
10 sentence, you will have an opportunity to withdraw your guilty
11 plea.
12     Do you understand that?
13         **THE DEFENDANT:**  Yes, I do.
14         **THE COURT:**  And if I reject the sentence and you don't
15 withdraw your guilty plea, I can sentence you to something
16 higher, up to the maximum, the maximum that we just discussed.
17     Do you understand that?
18         **THE DEFENDANT:**  Yes, I do.
19         **THE COURT:**  Okay.  And if I reject -- if I reject the
20 sentence and if you don't withdraw your guilty plea, the
21 Sentencing Guidelines that are mentioned here in the plea
22 agreement will not be binding on me.
23     Do you understand that?
24         **THE DEFENDANT:**  Will not what?
25         **THE COURT:**  Will not be binding on me, the Sentencing

Guidelines that are mentioned in paragraph 7 of your plea agreement.

**THE DEFENDANT:** Yes, I understand.

**THE COURT:** Those guidelines would be advisory, but I would have the authority to sentence you to a sentence that is higher or lower than what would be called for by the Sentencing Guidelines.

Do you understand that?

**THE DEFENDANT:** I understand that.

**THE COURT:** Okay. And I won't be in a final position to decide whether I'm accepting or rejecting the sentence that you've agreed to with the government until after I've received a presentence report from our Probation Office and after I've had an opportunity to hear both sides at your sentencing hearing.

Do you understand that?

**THE DEFENDANT:** I do.

**THE COURT:** Okay. Now, I'm looking -- I want to take a careful look at paragraphs 1 and 2 of your plea agreement.

Paragraph 2 -- excuse me, paragraph 1 identifies the maximum penalties that we just discussed, and it also describes the elements of the offenses to which you are pleading guilty. Paragraph 2 contains a detailed description of -- factual description of what you did.

And I just want to ask you, have you had an opportunity to

1  go over these paragraphs especially carefully, and do those
2  paragraphs accurately describe what you did?
3        **THE DEFENDANT:**  Yes.
4        **THE COURT:**  Okay.  You understand that, by pleading
5  guilty here today, you're pleading guilty to felony offenses.
6  You understand that?
7        **THE DEFENDANT:**  Yes.
8        **THE COURT:**  And by pleading guilty to felony offenses,
9  you may be giving up some civil rights, such as the right to
10 vote, the right to hold public office, the right to serve on a
11 jury, the right to possess a firearm.
12     Do you understand that you may be giving up some of those
13 civil rights by pleading guilty to these offenses?
14       **THE DEFENDANT:**  I do.
15       **THE COURT:**  And if I sentence you in accordance with
16 this plea agreement, you're giving up your right to appeal your
17 sentence or otherwise attack the validity of your sentence
18 except to argue that you received ineffective assistance of
19 counsel.
20     Do you understand that?
21       **THE DEFENDANT:**  I do.
22       **THE COURT:**  And for noncitizens, pleading guilty to
23 offenses like these are very likely to have consequences for
24 immigration status.
25     Do you understand that?

1   **THE DEFENDANT:** Yes, I do.
2   **THE COURT:** Okay. Let's talk about your trial rights.
3   You have the right to continue to plead not guilty.
4       Do you understand that?
5   **THE DEFENDANT:** Can you repeat, please.
6   **THE COURT:** Sure. You have the right to continue to
7   plead not guilty.
8       Do you understand that?
9   **THE DEFENDANT:** Yes, I do.
10  **THE COURT:** Okay. And if you continue to plead not
11  guilty, you have the right to a jury trial.
12      You understand that?
13  **THE DEFENDANT:** I understand.
14  **THE COURT:** And at that trial you would be presumed
15  innocent, and the government would be required to prove its
16  case beyond a reasonable doubt.
17      Do you understand that?
18  **THE DEFENDANT:** I do.
19  **THE COURT:** And you have the right to counsel at trial
20  and every other stage of the proceeding.
21      Do you understand that?
22  **THE DEFENDANT:** I do.
23  **THE COURT:** You have the right to testify in your
24  defense, and you'd also have the right not to testify. And if
25  you decided not to testify, that decision could not be used

against you at trial.

    Do you understand that?

        **THE DEFENDANT:** I do.

        **THE COURT:** You'd have the right to cross-examine any government witnesses at trial, and the right to call your own witnesses at trial.

    Do you understand that?

        **THE DEFENDANT:** I do.

        **THE COURT:** Okay. And by entering this guilty plea, you're giving up the trial rights I just described as well as all other rights associated with a criminal trial.

    Do you understand that?

        **THE DEFENDANT:** I do.

        **THE COURT:** Is there anything else that I should be discussing with Mr. Migdal before taking his plea?

        **MR. SAMPSON:** I don't believe so, no, Your Honor.

        **MR. CANNON:** No, Your Honor.

        **THE COURT:** Okay.

    So, Mr. Migdal, how do you plead to the charges, guilty or not guilty?

        **THE DEFENDANT:** Guilty.

        **THE COURT:** I find that Mr. Migdal is competent and capable of entering an informed plea, and that he's aware of the nature of the charges and the consequences of the plea, and that the guilty plea is a knowing and voluntary plea supported

1  by an independent basis in fact containing each of the
2  essential elements of the offenses.
3         I, therefore, accept the plea, and the defendant is now
4  adjudged guilty of the offenses.
5         And so now, I guess, the next step is to schedule
6  sentencing and to refer Mr. Migdal to the -- to the Probation
7  Office for the preparation of a presentence report.
8         Is that correct?
9            **MR. CANNON:**  That's correct, Your Honor.
10        Would it be possible to have a date in November?
11 Mr. Migdal and his wife have some medical issues, and he has to
12 raise some money to pay the government.
13           **THE COURT:**  Okay.  November sounds fine.  I'm not sure
14 how much sooner we would be able to schedule you anyway.
15        So, Mr. Migdal, I will refer you to our Probation Office
16 for the preparation of a presentence report.  The purpose of
17 the presentence report is to provide me with information that
18 will be relevant to the sentencing decision at your sentencing
19 hearing.
20        You will be asked to meet with a probation officer.
21 You're free to have your lawyer there if you wish.  But, in any
22 event, you will have an opportunity to object to anything that
23 is in the presentence report before your sentencing hearing.
24        And I'll hear from both sides on the contents of the
25 presentence report and arguments for the sentence that you've

1  agreed to with the government.
2       So with that, we'll schedule a sentencing for?
3            **THE CLERK:** November 7th.
4            **THE COURT:** November 7th.
5            **MR. CANNON:** Would it be possible to do the 14th, Your
6  Honor? I think I have a conflict that day.
7            **THE COURT:** I think I have a conflict the 14th.
8       Is that right, Kristin?
9            **MR. CANNON:** Is the 21st available?
10           **THE COURT:** Is that Thanksgiving week?
11           **MR. SAMPSON:** It is, Your Honor.
12           **THE COURT:** That should be fine for me.
13           **MR. SAMPSON:** I don't believe I will be in town. I
14 have a plane ticket on the 20th.
15           **MR. CANNON:** The 28th?
16           **THE CLERK:** That's fine.
17           **MR. CANNON:** Thank you.
18           **THE COURT:** Twenty-eighth. We'll see you then.
19           **MR. CANNON:** Thank you, Your Honor.
20      And sentencing is at what time?
21           **THE CLERK:** 10:30, unless we're in trial.
22           **MR. CANNON:** Thank you.
23           **THE CLERK:** Otherwise, it will move to 3:00 p.m.
24           **MR. CANNON:** Got it.
25           **THE COURT:** Okay. Thank you.

1     **MR. CANNON:**  Thank you, Your Honor.

2     **MR. SAMPSON:**  Thank you, Your Honor.

3     **THE COURT:**  Anything else for us to discuss?

4     **MR. CANNON:**  That's it.

5     **THE COURT:**  Okay.

6         (At 3:56 p.m. the proceedings were adjourned.)

7                              - - - -

9                      **CERTIFICATE OF REPORTER**

10        I certify that the foregoing is a correct transcript
11    from the record of proceedings in the above-entitled matter.

13    DATE:   Thursday, February 22, 2018

*Katherine Sullivan*

_____

Katherine Powell Sullivan, CSR #5812, RMR, CRR
               U.S. Court Reporter