ALEX G. TSE (CABN 152348)
United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

JOHN HEMANN (CABN 165823)
COLIN SAMPSON (CABN 249784)
ERIN CORNELL (CABN 227135)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7124
    Facsimile: (415) 436-6748
    Email: Colin.Sampson@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 16-00411 VC 2 |
| Plaintiff, | UNITED STATES' OPPOSITION TO MOTION FOR REFUND OF INTEREST (ECF NO. 408) |
| v. | Date: January 8, 2019 |
| MARK MIGDAL, | Time: 10:30 a.m. |
| Defendant. | Place: Courtroom 4, 17th Floor, San Francisco |

## I.    BACKGROUND AND PROCEDURAL POSTURE

Defendant Mark Migdal ("Migdal) was ordered to pay a combined $2,000,000 in restitution, fine, and forfeiture for his involvement in a scheme to defraud two banks with respect to his investment properties in Hawaii, and for submitting false statements to JP Morgan Chase Bank with respect to his income and assets in seeking mortgage modifications for his Portola Valley house and an investment condominium in Mountain View.[1] At his sentencing, the Court warned Migdal that the Court might

---

[1] The government is concerned that Migdal is still attempting to defraud creditors with respect to his multimillion-dollar Portola Valley residence. A company called Grand Century bought out JP Morgan Chase's approximately $3,000,000 note, through attorney Menachem Schillit. Migdal (manager of a real estate group called Century Grand Properties), uses attorney Menachem Schillit. The government is deeply concerned that Migdal is using a fraudulent lien

have been inclined to fine him an even greater amount, but accepted the parties' plea agreement (ECF No. 96), which was silent as to the interest due. The Court's Judgment does not reflect that interest was waived. ECF No. 218, p. 6.

Migdal pleaded guilty in July 2017, and paid the first $1,000,000, which constituted restitution and forfeiture, in January 2017. The agreement reflected that Migdal's second installment was due in January 2019, however, he paid it early (perhaps in part to clear the way for the foreclosure). However, the Clerk of the Court informed Migdal that he would owe interest. Migdal promptly paid the interest on November 29, 2018 and waited 22 days to file this Motion. Migdal is scheduled to surrender to serve his 18-month sentence on January 10, 2019, two days after the hearing on this Motion.

## II. ARGUMENT

Migdal's argument is essentially "but that's not fair!" and that, because of his payment plan, he should not have to pay any interest. The Court should reject this argument for several reasons. First, it does not comply with the statute, 18 U.S.C. § 3612(f), which requires interest to run on judgments over $2,500 if not paid within 15 days of the judgment (which in this case was April 30, 2018). If Migdal did not want to pay interest, he could have paid the entire judgment upfront. It is unclear, even had the parties agreed interest would be waived, that such an agreement would be legal, as it conflicts with the applicable statute. Nor would waiving interest for payment plans (which are typically entered into to accommodate a defendant's income or cash flow, as it was here) be a good judicial policy, as defendants would actually be economically incentivized to enter into long-term payment plans knowing their future payments would be discounted from their net present value by the prevailing interest rates.

Migdal, a real estate investor whose conduct leading to his conviction involved renegotiating interest (and principal) on loans, is no stranger to the concept of interest accrual. Just as all taxpayers run the risk of accrued interest if they do not pay their taxes by December 31, even though returns are not due until April 15, so too did Migdal run the risk of accruing interest on a relatively small amount of interest because some payments came after the date of the judgment as required by 18 U.S.C. § 3612. Migdal's motion to be excused from paying interest on the fine and restitution imposed should be

---

to protect the equity in the residence from other creditors.

1  denied.

## III. CONCLUSION

The United States respectfully requests that the Court deny Migdal's motion for return of interest.

DATED: December 27, 2018.

                                                          Respectfully submitted,

                                                          ALEX G. TSE
                                                          United States Attorney

                                                          */s/ Erin A. Cornell*
                                                          COLIN SAMPSON
                                                          ERIN CORNELL
                                                          Assistant United States Attorneys