Brandon Sample
Brandon Sample PLC
P.O. BOX 250
Rutland, VT 05702
Tel: 802-444-4357
E-mail: brandon@brandonsample.com
Vt Bar # 5573

*Counsel Pro Hac Vice for Mark Migdal*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 16-cr-00411-VC-2 |
| Plaintiff, | |
| v. | **OPPOSITION TO MOTION TO WAIVE ATTORNEY-CLIENT PRIVILEGE, PRODUCE DISCOVERY, AND FOR PROTECTIVE ORDER** |
| MARK MIGDAL, | |
| Defendant. | |

Mark Migdal ("Migdal"), by and through the undersigned counsel, respectfully submits his opposition to the Government's Motion to Waive Attorney-Client Privilege, Produce Discovery, and for Protective Order. (ECF 432). The Government's motion should be denied because the United States seeks a waiver of privilege that is broader than the solitary 28 U.S.C. § 2255 claim before the Court. In addition, the Government's motion for discovery amounts to a fishing expedition and is not otherwise supported by good cause. Accordingly, the Court should deny the United States motion for a broad based waiver of privilege, and its improperly supported motion for discovery.

1

1.     On January 1, 2019, Migdal filed a § 2255 motion raising one claim of ineffective assistance. (ECF 419). Specifically, Migdal alleged that Cannon provided "ineffective assistance concerning a March 2017 plea offer from the government." (ECF 419 at 4). No other § 2255 claim is raised or asserted.

2.     On January 11, 2019, the Government moved to Waive Attorney-Client Privilege, Produce Discovery, and for a Protective Order (ECF 432). In particular, the United States asserts in its motion that:

> The United States seeks affidavits or declarations from Cannon and Laws responding to any and all matters put at issue in the § 2255 motion, and to specifically address the allegation that "Cannon never had any substantive discussions with Migdal about the March 2017 plea offer," that "**there may have--in fact--been other plea offers as well before the Government filed a superseding Indictment in the case**," and that Cannon, had he properly advised Migdal and had he not been on vacation, should have advised him to accept an offer before the government later superseded. ECF No. 419, p. 4. The § 2255 motion attaches what appears to be a partially-redacted e-mail message (ECF No. 419-3), as well as an email message from Laws to Migdal forwarding an email from the government (ECF No. 419-2).
>
> **The United States further seeks any and all documents relevant to Cannon's or Laws' discussions with Migdal relevant to discussions regarding a plea prior to the plea agreement the parties ultimately entered into**. Migdal's § 2255 motion discusses other, later communications between him and Cannon which are not attached to the motion.

(ECF 432 at ¶¶ 7-8).

3.     Further, the Government expansively seeks a proposed order declaring:

> the attorney-client privilege is waived with respect **to the allegations contained in Mark Migdal's § 2255 motion and supporting documents** regarding attorneys Christopher Cannon and his law firm, including attorney Matthew Laws.
>
> Attorneys Cannon and Laws shall forthwith provide the parties with

sworn affidavits or declarations, addressing the allegations raised in the § 2255 motion **related to those allegations, including but not limited to e-mail messages, documents and notes**.

For purposes of the 28 U.S.C. § 2255 litigation in this matter, all privileged communications or materials obtained by the parties from defense counsel Chris Cannon and Matthew Laws for purposes of addressing Migdal's claims shall be deemed confidential. Until such time as this court may order otherwise, these communications or materials may be used only by representatives of the United States Attorney's Office **and its investigative agents**, or Migdal, and only for purposes of litigating Migdal's § 2255 motion and **any further proceedings that occur as a result of the § 2255 motion.**

(ECF 432 at 5).

4.     The Government primarily relies upon *Bittaker v. Woodford*, 331 F.3d 715, 716-717 (9th Cir. 2003) for the broad waiver of privilege that it seeks, along with its fishing expedition for discovery. (ECF 432 at ¶ 5). But *Bittaker* does not endorse a broad waiver of privilege. Rather, a waiver of privilege may only be granted "to the extent necessary to give [the United States] a fair opportunity to defend against [the allegations]. *Bittaker*, 331 F.3d at 720 (alterations added). However, any such waiver must be "no broader than needed to ensure the fairness of the proceedings before it." *Id.* Furthermore, discovery of attorney-client communications must be accompanied by a narrowly-drawn protective order. *Id.*

5.     As the court in *United States v. Kalfsbeek* explained:

Though the court in *Bittaker* held that a claim based upon ineffective assistance of counsel impliedly waives the attorney-client privilege, it does not follow that a blanket waiver is automatically effected by the presentation of the claim or that discovery of all communications between movant and his former attorneys is permitted. The filing of a section 2255 motion alleging ineffective assistance of counsel does not result in a complete waiver of the attorney-client privilege.

*United States v. Kalfsbeek*, 2013 WL 129409 * 2 (E.D. Cal. 2013). Moreover, as

*Kalfsbeek* noted:

> In Section 2255 proceedings, a party is not automatically entitled to discovery; rather, a party requesting discovery must show good cause. Rule 6(a), Fed. R. Governing Section 2255 Proceedings. Furthermore, "[a] party requesting discovery must provide reasons for the request. The request must also include any proposed interrogatories and requests for admissions, and must specify any requested documents." Rule 6(b), Rules Governing Section 2255 Proceedings. When discovery of attorney-client communications or attorney work-product is authorized, a narrowly-drawn protective order is required. *Bittaker*, 331 F.3d at 720–25.

> If the government wishes to discover specific information, it must submit a request for discovery complying with Rule 6 of the Rules Governing Section 2255 Proceedings. The issue of waiver will be addressed only in relation to specific requests for discovery.

*Kalfsbeek*, 2013 WL 129409 * 2. *See also Richardson v. United States*, 2014 WL

701524 * 2 (W.D. Wash. 2014) (denying Government's discovery request because it

"lacks the requisite specificity contemplated by the Rules Governing § 2255

Proceedings"); *United Staets v. Sewell*, 2012 WL 1928727 * 1 (E.D. Cal. 2012)

(denying discovery request by Government for failing to comply with Rule 6 of the

Rules Governing Section 2255 cases); *Disalvo v. United States*, 2015 WL 4657559 *

3 (S.D. Cal. 2015) (collecting cases).

6.      Here, as in the authorities discussed above, the United States has not

demonstrated good cause, nor alleged with sufficient specificity the discovery that it

seeks. The Government's motion for discovery should accordingly be denied.

7.      However, should the Court disagree and conclude that discovery should be

permitted, the Court should limit that discovery to the production of declarations by

Attorneys Cannon and Laws, and then only after issuing a narrowly drawn

protective order. Furthermore, any waiver of privilege or discovery should be

specifically limited to Migdal's claim of ineffective assistance concerning the March

2017 plea offer.

8.      In issuing any protective order concerning discovery, the Court should use

the protective order entered in *United States v. Brown*, 2016 WL 6648691 (E.D.

Cal.) as a guide. In particular, the Court should utilize the language from *Brown*

which requires that:

> Until such time as this court may order otherwise, these
> communications or materials may be used only by representatives of
> the United States Attorney's Office and only for purposes of responding
> to [Migdal's] § 2255 motion. Disclosure of the contents of the
> communications or materials themselves may not be made to any other
> persons or agencies, including any other law enforcement or
> prosecutorial personnel or agencies, without an order from this court.
> The communications and materials may not be used, cited, or relied
> upon by the government in any habeas corpus or other related
> proceedings in federal court, or in any future proceedings against
> [Migdal], including any possible []trial. This order shall continue in
> effect after the conclusion of the habeas corpus proceedings and
> specifically shall apply in the event of a []trial of all or any portion of
> [Migdal]'s criminal case, except that either party maintains the right
> to request modification or vacation of this order upon entry of final
> judgment in this matter.

*United States v. Brown*, 2016 WL 6648691 * 2.[1] (alterations added).

---

[1]      The necessity of the language barring the U.S. Attorney's Office from sharing
Migdal's attorney-client communications with its investigators or using such
communications in "proceedings that occur as a result of the § 2255 motion," (ECF
432 at 5), is particularly acute given the Government's belief that Migdal "is still
attempting to defraud creditors with respect to his multimillion-dollar Portola
Valley residence." (ECF 417 at 1 n.1). The Government should not be permitted to
use these § 2255 proceedings as an investigative vehicle for other asserted crimes
the Government believes Migdal may have committed.

9.     Finally, if the Court is inclined to grant the Government's broad based waiver of privilege and for discovery, the Court should afford Migdal ten days to decide whether to withdraw his § 2255 motion.

Wherefore, premises considered, the Court deny the Government's Motion to Waive Attorney-Client Privilege, Produce Discovery, and for Protective Order. (ECF 432).

/s/Brandon Sample

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served this 1st day of March 2019, on all counsel of record via CM/ECF:

/s/Brandon Sample