DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

COLIN SAMPSON (CABN 249784)
ERIN CORNELL (CABN 227135)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7020
    Facsimile: (415) 436-7234
    colin.sampson@usdoj.gov

*Attorneys for United States of America*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 16-00411 VC |
| Plaintiff, | UNITED STATES' REPLY IN SUPPORT OF MOTION TO WAIVE ATTORNEY-CLIENT PRIVILEGE, PRODUCE DISCOVERY, AND FOR PROTECTIVE ORDER |
| v. | |
| MARK MIGDAL, | |
| Defendant. | Honorable Vince Chhabria, presiding |

    The United States of America, by and through undersigned counsel, respectfully submits its reply in support of its Motion for an Order Waiving Attorney-Client Privilege so that it can fairly respond to the claims of ineffective assistance of counsel raised by Defendant Mark Migdal with respect to his prior attorneys.

    The government is not interested in all attorney-client communications between Migdal and his attorneys, as his new counsel suggests. However, because Mr. Migdal alleges that his attorneys' actions were deficient in failing to recommend accepting what he construes as an "offer" from the government to

Reply in Support of Motion to
Waive Attorney-Client Privilege,     1
CR 16-00411 VC

resolve the case in the months before the Superseding Indictment (ECF No. 67) was returned, and has only provided two emails from his attorneys (one appears to be partially redacted) to support his claim, the government seeks a waiver of the privilege and a declaration and information from the attorneys to enable the government to fairly respond to the § 2255 motion. Indeed, although Migdal opposes the government's motion as "broader than the solitary 28 U.S.C. § 2255 claim before the Court," which the government disputes, he appears to concede that some waiver if the privilege may be appropriate.

Good cause exists for the Court to grant leave, pursuant to Rule 6 of the Rules Governing § 2255 Proceedings for the United States District Court (Rev. Jan. 20, 2016). Migdal's claims can only be evaluated with statements between himself and his attorneys, and Migdal's opposition indicates his unwillingness to waive (without the Court's order) the privilege with respect to his claims more than he already has by filing a Declaration and two emails.[1] The claim that because Migdal's attorney, Christopher Cannon, "did not advise Migdal about the [March 2017] offer, Migdal did not take it seriously" and the assertion that no further discussions occurred in the 34 days before the Superseding Indictment when both Midgal and Cannon were in the United States, should not stand alone but rather, his attorneys and the government should in fairness have an opportunity to evaluate and respond to Migdal's claim with information provided by those attorneys during that timeframe. Further, Migdal's declaration asserts and quotes (but does not provide by exhibit) later communications between himself and Cannon (Migdal Decl., ECF 419-1, ¶11). Migdal should not use his limited waiver as both a sword and shield in pursuing his claim of ineffective assistance of counsel. *See Brockway v. State Bar*, 53 Cal. 3d 51, 63-64 (1991) (citing Cal. Evid. Code 958, which "authorizes disclosure of relevant communications between a client . . . and an attorney charged with professional wrongdoing . . . This approach gives the attorney a meaningful opportunity to defend against the charge,"); *see also Grover v. Superior Court*, 161 Cal. App. 2d 644, 646 (1958) ("Since the privilege serves to suppress relevant facts,

---

[1] This assumes, *arguendo*, that the undersigned's email about the terms of a possible plea (which did not contain any Guidelines calculation or fact proffer, did not state what subsection of Fed. R. Crim. P. 11 would apply, and specifically stated, "this is not an offer, as I do not have the authority") was an actionable offer. Migdal does not explain how his attorney's vacation, which appears to have ended a few days later, was the cause of the failure to communicate for numerous weeks thereafter, which in fairness should be questioned.

Reply in Support of Motion to
Waive Attorney-Client Privilege,    2
CR 16-00411 VC

it is to be strictly construed").

The government has not requested a blanket waiver, nor any waiver broader than necessary to respond to Migdal's claims, and has not proposed a protective order that would allow it to use such information for purposes other than the habeas proceedings. *See Johnson v. Davis*, 98-CV-0403-SI, 2017 U.S. Dist. LEXIS 93303, *7 (N.D. Cal. June 16, 2017) ("'The defendant impliedly waives his attorney-client privilege the moment he files a habeas petition alleging ineffective assistance of counsel.' Not simply once a defendant brings a question of privilege to the court's attention.") (quoting *Lambright v. Ryan*, 698 F.3d 808, 818 (9th Cir. 2012). The contents of communications, whether through declaration, testimony, or written documents, between Migdal's attorneys (Cannon and Laws) regarding a plea with the government between March 7, 2017 and his plea on July 25, 2017 are properly at issue in this proceeding.[2] Because the government only requested a waiver extending to his claims, which include assertions about events from March 7, 2017 until at least July 22, 2017 related to a guilty plea in this case, and because good cause is shown for a limited waiver of the attorney-client privilege in order to fairly evaluate these claims, the Court should grant the proposed order.

DATED: March 7, 2019

Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

*/s/ Colin Sampson*
COLIN SAMPSON
ERIN CORNELL
Assistant United States Attorneys

---

[2] The government concedes that communications after the April 27, 2017 Superseding Indictment may be less probative than earlier communications, however, Migdal has put his communications with counsel as late as July 22, 2017 into the record, and any response from his attorney may be relevant and probative of the issues raised by him.

Reply in Support of Motion to
Waive Attorney-Client Privilege,                3
CR 16-00411 VC